IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRENT JACHENS, | No. CIV S-10-1299-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss (Doc. 13). Plaintiff filed an untimely opposition (Doc. 17).

      Defendant argues that the court lacks jurisdiction to consider the case because plaintiff did not file suit within the time provided in the Social Security Act. The court agrees. As a sovereign, the United States and its agencies are immune from suit unless such immunity is specifically waived. See Hercules Inc. v. United States, 516 U.S. 417, 422 (1996). The statutory

conditions setting forth any waiver of sovereign immunity must be strictly construed. See Bowen v. City of New York, 476 U.S. 467 (1986); see also Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980). For social security cases, sovereign immunity is waived if the plaintiff seeks judicial review within sixty days after the mailing of the notice of the Appeals Council's decision. See 42 U.S.C. § 405(g), (h). Regulations interpret the date of "mailing" to be the date of receipt of the Appeals Council's decision, which is presumed to be five days after the date of the decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210(c), 404.901, and 416.1401.

In this case, the Appeals Council denied relief in an order dated January 15, 2010. Thus, plaintiff had until March 22, 2010, to seek judicial review.[1] The instant action was filed late on May 26, 2010. In his untimely opposition, plaintiff states that he sent a letter to the Appeals Council on April 20, 2010, requesting an extension of time but did not receive the Appeals Council's denial of that request until January 22, 2011. Plaintiff's April 20, 2010, letter is attached to plaintiff's opposition as Exhibit A. Plaintiff does not, however, provide a copy of the Appeals Council's denial letter.[2]

In essence, plaintiff seeks equitable tolling based on late receipt of the Appeals Council's denial of his request for an extension of time. Equitable tolling may be available in the rare case "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480. The court finds that the circumstances in this case do not warrant any tolling of the limitations period. Specifically, knowing that the deadline was approaching, plaintiff made no effort to follow up on the status of his April 20, 2010, request for an extension. Instead, he waited two months after expiration of the deadline – even though he had not received a decision on his request for an extension – before filing the instant action. With respect to plaintiff's claim that he was medically

---

[1] The 65th day fell on a Saturday.

[2] According to plaintiff, the Appeals Council denied an extension of time because it did not find that his medical condition incapacitated him rendering him unable to file on time.

incapacitated and could not file on time, plaintiff has not submitted any evidence supporting this contention.

        Accordingly, IT IS HEREBY ORDERED that:

        1.      Defendant's motion to dismiss (Doc. 13) is granted;

        2.      All other pending motions are denied as moot; and

        3.      The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 25, 2011

                                                                                                             */s/ Craig M. Kellison*

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE